**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christian Louis Wrathall,<br><br>    Petitioner,<br><br>vs.<br><br>E.W. Morris, Warden; et al.,<br><br>    Respondents. | No. CIV 08-415-PHX-GMS (GEE)<br><br>**REPORT AND<br>RECOMMENDATION** |

On February 29, 2008, Christian Louis Wrathall, an inmate confined in the Great Plains Correctional Facility in Hinton, Oklahoma, filed a Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Petition.); [doc. #1] He argues the Arizona trial court erred when it imposed consecutive, rather than concurrent, sentences. The respondents filed an answer, and the petitioner filed a reply. After the court ordered supplemental briefing, the respondents filed a supplemental answer, and the petitioner filed a supplemental reply.

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Edmonds for report and recommendation. The Magistrate Judge recommends the District Court, after its independent review of the record, enter an order denying the Petition for Writ of Habeas Corpus. Wrathall's consecutive sentences do not violate due process.

Also pending is a Motion for Relief by Default filed by the petitioner on September 3, 2008. The Magistrate Judge recommends the District Court deny the motion.

## Summary of the Case

Pursuant to a plea agreement consolidating four separate prosecutions, Wrathall pleaded guilty to one count of sale of a dangerous drug and one count of attempted sale of a dangerous drug. (Respondents' answer, p. 2; Exhibits B, C.) The offenses occurred in August of 2003 and August of 2004, respectively. *Id.*, Exhibit A. The second offense occurred while Wrathall was on court ordered release for the first offense. *Id.* On February 10, 2005, the trial court sentenced Wrathall to the presumptive sentence of five years' imprisonment for sale of a dangerous drug and the presumptive sentence of three and one-half years' imprisonment for attempted sale, the sentences to run consecutive. (Respondents' answer, p. 2., Exhibit B)

On April 26, 2005, Wrathall filed notice of post-conviction relief. *Id.* When appointed counsel failed to identify any colorable claims, the trial court permitted Wrathall to file a petition pro per. *Id.* Wrathall filed his petition on May 30, 3006, claiming the trial court erred when it imposed consecutive sentences. *Id.* The trial court denied the petition on April 10, 2007. *Id.* The court of appeals denied review on November 16, 2007. *Id.*

On February 29, 2008, Wrathall filed the instant Petition for Writ of Habeas Corpus pursuant to Title 28, United States Code, Section 2254. (Petition.) He argues (1) the trial court erred by giving consecutive sentences based on the erroneous belief that he had a prior conviction, and (2) the trial court erred by giving consecutive sentences without properly considering the aggravating and mitigating circumstances.

The respondents filed an answer on April 21, 2008, arguing the claims are procedurally defaulted. Wrathall filed a reply. This court ordered further briefing and the respondents filed a supplemental brief addressing the merits of the petition on August 21, 2008. This brief was filed after the court's deadline, and on September 3, 2008, Wrathall filed a Motion for Relief by Default Against the Respondents for an Untimely Filing by Order. On September 12, 2008, Wrathall filed a supplemental reply.

Discussion

The writ of habeas corpus affords relief to prisoners in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241. If the petitioner is in custody pursuant to the judgment of a state court, the writ shall not be granted unless prior adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

A decision is "contrary to" Supreme Court precedent if the "state court confronted a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrived at a result different from Supreme Court precedent." *Vlasak v. Superior Court of California ex rel. County of Los Angeles,* 329 F.3d 683, 687 (9th Cir. 2003). A decision is an "unreasonable application" if "the state court identified the correct legal principles, but applied those principles to the facts of [the] case in a way that was not only incorrect or clearly erroneous, but objectively unreasonable." *Id.* "It is not enough that our independent review of the legal question leaves us with a firm conviction that the state court decision was erroneous." *Id.*

If the highest state court fails to explain its decision, this court looks to the last reasoned state court decision. *See Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). If the state court denied on the merits but did not explain its reasoning, this court must independently review the record to determine whether the state court decision was "objectively unreasonable" *Id.*

Federal review is limited to those issues that have been fully presented to the state court. This so-called "exhaustion rule" reads in pertinent part as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State. . . .

- 3 -

1  28 U.S.C. § 2254(b)(1)(A).  This rule permits the states "the opportunity to pass upon and
2  correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365
3  (1995)  (internal punctuation removed).

4  To be properly exhausted, the federal claim must be "fairly presented" to the state courts.
5  *Picard v. Connor*, 404 U.S. 270, 275 (1971).  In other words, the state courts must be apprised
6  of the legal issue and given the first opportunity to rule on the merits.  *Id.* at 275-76.
7  Accordingly, the petitioner must "present the state courts with the same claim he urges upon the
8  federal courts." *Id.*  The state courts have been given a sufficient opportunity to hear an issue
9  when the petitioner has presented the state court with the issue's factual and legal bases.
10 *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999).

11 In addition, the petitioner must explicitly alert the state court that he is raising a federal
12 constitutional claim.  *Duncan v. Henry*, 513 U.S. 364, 366 (1995);  *Casey v. Moore*, 386 F.3d
13 896, 910-11 (9th Cir. 2004).  The petitioner must make the federal basis of the claim explicit
14 either by citing specific provisions of federal law or federal case law, even if the federal basis
15 of a claim is "self-evident," *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*,
16 528 U.S. 1087 (2000), or by citing state cases that explicitly analyze the same federal
17 constitutional claim, *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

18 If the petitioner is in custody pursuant to a judgment imposed by the State of Arizona,
19 he must present his claims to the state appellate court for review. *Castillo v. McFadden*, 399
20 F.3d 993, 998 (9th Cir. 2005), *cert. denied*, 126 S.Ct. 348 (2005); *Swoopes v. Sublett*, 196 F.3d
21 1008 (9th Cir. 1999), *cert. denied*, 529 U.S. 1124 (2000).  If state remedies have not been
22 exhausted, the petition may not be granted and should ordinarily be dismissed. *See Johnson v.
23 Lewis*, 929 F.2d 460, 463 (9th Cir. 1991).  In the alternative, the court has the authority to deny
24 on the merits rather than dismiss for failure to exhaust.  28 U.S.C. § 2254(b)(2).

25 A claim is "procedurally defaulted" if the state court declined to address the issue on the
26 merits for procedural reasons.  *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002).
27 Procedural default also occurs if the claim was not presented to the state court and it is clear the
28 state would now refuse to address the merits of the claim for procedural reasons. *Id.*  A claim

- 4 -

that is procedurally defaulted must be denied unless the petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Boyd v. Thompson*, 147 F.3d 1124, 1126 (9th Cir. 1998) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

In this case, the respondents argue Wrathall never informed the state courts that he was raising a federal claim. They maintain he is procedurally barred from returning to state court and raising the issue. Accordingly, they conclude his petition is procedurally defaulted. The court does not agree.

In his petition for post-conviction relief, Wrathall specifically claimed that the trial court's consecutive sentences violated his "14th amendment rights to due process and equal protection [under] the U.S. Constitution and Arizona law. . . ." (Respondents' answer, Exhibit F.) He raised the same argument before the state court of appeals. *Id.*, Exhibit J. This court observes that Wrathall cited only state law cases in the body of his petition. Nevertheless, based on Wrathall's specific citation to federal constitutional law, this court concludes Wrathall alerted the state courts that he was raising a claim under federal law. His issues therefore are exhausted. *See also Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) ("While the petitioner must refer to federal law in state court explicitly, exhaustion is satisfied once the petitioner makes that explicit reference even if the petitioner relies predominantly on state law before the state courts.").

The state court of appeals denied Wrathall's petition for post-conviction relief but did not address Wrathall's federal constitutional claims. Accordingly, this court must independently review the record to determine whether the state court's decision was "objectively unreasonable." *Pham v. Terhune*, 400 F.3d 740, 742 (9th Cir. 2005). It was not.

In ground (1), Wrathall argues the trial court erred by giving him consecutive sentences based on the erroneous assumption that he had a prior conviction. Wrathall did not have a prior conviction, but he believes that because he pleaded guilty to two separate counts in two consolidated cases, the trial court sentenced him as though one of those counts was a prior.

- 5 -

Defendants have a due process right to be sentenced based on accurate information. *U.S. v. Jones*, 982 F.2d 380, 385 (9th Cir. 1992). If the trial court sentenced Wrathall based on an erroneous belief that he had a prior, his sentence might violate due process. Wrathall, however, misunderstands the trial court's reasoning.

The trial court sentenced Wrathall to consecutive sentences because selling drugs does "great harm to our community and our children" and Wrathall committed his two offenses approximately one year apart indicating that his involvement with illegal drugs was protracted and deliberate. (Respondents' supplement, Exhibit K, p. 17.) The trial court never implied that it thought Wrathall had a prior conviction. Wrathall's due process rights were not violated.

In ground (2), Wrathall argues the trial court erred by giving consecutive sentences without properly considering the aggravating and mitigating circumstances. The failure of the trial court to give Wrathall concurrent sentences, however, is at most an error of state law. The writ of habeas corpus is not available to correct simple errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480 (1991). To justify relief, Wrathall must show a violation of his federal rights.

A state court's misapplication of its own sentencing laws (assuming there is one here) does not violate due process thereby justifying federal habeas relief unless the petitioner can show "fundamental unfairness." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *See, e.g., Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980) (Sentencing pursuant to an unconstitutional statute violates due process.); *Murtishaw v. Woodford*, 255 F.3d 926, 969 (9th Cir. 2001) (Sentencing based on an inapplicable statute violates due process.), *cert. denied*, 535 U.S. 935 (2002); *Marzano v. Kincheloe*, 915 F.2d 549, 552 (9th Cir. 1990) (A sentence unauthorized by law is unconstitutional.); *U. S.v. Rapal*, 146 F.3d 661, 663 (9th Cir. 1998) (Vindictive sentencing violates due process.); *U. S. v. Hanna*, 49 F.3d 572, 576-77 (9th Cir. 1995) (Sentencing based on materially false and unreliable information violates due process.).

In this case, Wrathall cannot show his consecutive sentences are fundamentally unfair. He pleaded guilty to two separate offenses. The applicable state law allows the trial court to impose consecutive sentences. *See* A.R.S. § 13-708; *State v. Ward*, 200 Ariz. 387, 26 P.3d

1158 (App. 2001). The trial court imposed consecutive sentences because selling drugs does "great harm to our community and our children" and Wrathall committed his two offenses approximately one year apart indicating that his involvement in illegal drugs was protracted and deliberate. (Respondents' supplement, Exhibit K, p. 17.) Wrathall does not allege these reasons were materially false or otherwise illegitimate. Wrathall's due process rights were not violated. *See also Souch v. Schaivo*, 289 F.3d 616, 623 (9th Cir. 2002) ("[N]either an alleged abuse of discretion by the trial court in choosing consecutive sentences, nor the trial court's alleged failure to list reasons for imposing consecutive sentences, can form the basis for federal habeas relief."), *cert. denied*, 537 U.S. 859 (2002).

Wrathall further argues that the trial court weighed the equities in a manner that did not ensure that similarly situated defendants are treated similarly. This bare allegation, however, does not raise a proper claim under the equal protection clause.

"The fourteenth amendment's equal protection clause announces a fundamental principle: the State must govern impartially." *McQueary v. Blodgett*, 924 F.2d 829, 834 (9th Cir. 1991) (internal punctuation omitted). "General rules that apply evenhandedly to all persons within the jurisdiction unquestionably comply with this principle." *Id.* In this case, the state statute allowing for consecutive sentences applies evenhandedly to all defendants. There is no equal protection violation in the statutory scheme.

Wrathall argues the trial court's equity analysis resulted in a sentence that was unfair to *him* raising a challenge to the statute as actually applied. The equal protection clause, however, only "guarantees equal laws, not equal results." *Id.* at 835. It does not matter if somewhere there exists a similarly situated defendant who received concurrent sentences. To state a cognizable "as applied" claim, Wrathall must allege similarly situated defendants have *systematically* received concurrent sentences and he is the exception to the rule. *Id.* This he has not done.

In his Motion for Relief by Default, Wrathall argues he is entitled to default judgment because the respondents did not file a timely supplementary answer. The respondents' failure,

- 7 -

however, does not entitle Wrathall to a default judgment. *See Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990).

The default judgment rule, which is available in ordinary civil cases, does not apply to petitions for habeas corpus. *Id.* A state prisoner, such as Wrathall, is entitled to federal habeas relief only upon proving that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Wrathall has not made this showing. He therefore is not entitled to judgment in his favor. *See also Aziz v. Leferve*, 830 F.2d 184, 187 (11th Cir. 1987) ("[A] default judgment is not contemplated in habeas corpus cases . . . .").

RECOMMENDATION

The Magistrate Judge recommends that the District Court, after its independent review of the record, enter an order DENYING the Petition for Writ of Habeas Corpus [doc. #1] and DENYING the Motion for Relief by Default. [doc. # 12]

Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, they may be deemed waived.

The Clerk is directed to send a copy of this report and recommendation to the petitioner and the respondents.

DATED this 20th day of October, 2008.

_____
Glenda E. Edmonds
United States Magistrate Judge

- 8 -